FILED
IN CLERKS OFFICE
U.S. ~~~ COURT ED N.Y:
★ DEC 1 2 2005 ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
FRANK POLITI,

                Plaintiff,

-against-

THE CITY OF NEW YORK

                Defendant.
------------------------------------------------X
FEUERSTEIN, J.

03-cv-2112
(SJF)(KAM)

**OPINION & ORDER**

I.    Introduction

        Plaintiff Frank Politi ("Plaintiff") commenced this action against the City of New York ("Defendant") asserting claims arising out of his employment by Defendant at the Riker's Island correctional facility. Defendant moves this Court for summary judgment. For the reasons set forth below, Defendant's motion is granted.

II.    Background

        Plaintiff was employed by the New York City Department of Corrections ("DOC") from October 30, 1977 until his resignation in July 2003. (Pl. 56.1 Stmt. ¶ 1; Def. 56.1 Stmt. ¶ 1). In May 1984, Plaintiff was promoted "to the permanent Civil Service title of Stationary Engineer." (Pl. 56.1 Stmt. ¶ 2; Def. 56.1 Stmt. ¶ 2). During his employment with the DOC, Plaintiff was a member of the District Council 37 union. (Pl. 56.1 Stmt. ¶ 3; Def. 56.1 Stmt. ¶ 3). According to Plaintiff, he engaged in a series of "whistle blowing" activities between February 1999 and May 2001. (Cmplt., Ex. A). Specifically, Plaintiff alleges that he complained of "acts . . . [that] threatened the environment and the prison/facility population." (Cmplt. ¶ 7). As a result of his

1

complaints, Plaintiff alleges that Defendant engaged in a series of "wrongful, intentional, malicious, and retaliatory acts . . .", (id. ¶ 8a), such as transferring him between facilities and demoting him to Engineer. (Id., Ex. B). Plaintiff identifies a number of different individuals who allegedly engaged in these retaliatory acts, including Senior Engineer John Biasi, Deputy Warden Ercole Pagano, Assistant Commissioner of Assets Management Vincent Cara, Deputy Commissioner for Capital Development and Support Services Antonio Figueroa, Environmental Health Captain Rocco Ferraro and an unidentified supervisor named Robert Molloy. (Id. ¶ 10, Ex. A, Stroble Aff., Ex. A; Vengersky Decl. ¶ 3).[1] Furthermore, Plaintiff also appears to claim in his deposition testimony that Commissioner of the DOC Bernard Kerik and his successor, William Fraser, failed to respond to a letter he sent requesting a meeting. (Stroble Aff., Ex. A). Specifically, Plaintiff claims he "want[s] an apology from former Commissioner Kerik . . . [because] he didn't give me the opportunity to talk with me. I feel that he knew what was happening and . . . he just wanted to push it on the side . . . ." (Id.). He claims that Commissioner Fraser failed to answer his letter as well, and instead "gave the letter to Commissioner Figueroa and Commissioner Cara to answer . . . ." (Id.).

Plaintiff asserts claims under 42 U.S.C. § 1983, a violation of his First Amendment rights, intentional infliction of emotional distress and prima facie tort, and seeks monetary damages of $30,000,000. (Cmplt.).

III.    Standard of Review

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

---

[1] Plaintiff's complaint only identifies Biasi and Pagano as the offending employees. The attachments to Plaintiff's complaint identify a number of additional individuals, including Ferraro. Plaintiff identified a number of additional individuals during discovery.

2

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material "if it might affect the outcome of the suit under the governing law." Holtz v. Rockefeller & Co., 258 F.3d 62, 69 (2d Cir. 2001). An issue of fact is genuine only if a jury could reasonably find in favor of the nonmoving party based on that fact. Id. The moving party bears the initial burden of establishing the absence of any genuine issue of material fact, after which the burden shifts to the nonmoving party to establish the existence of a factual question that must be resolved at trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986). The trial court is required to construe the evidence in the light most favorable to the nonmoving party, and draw all reasonable inferences in its favor. Id. at 252; Cifarelli v. Vill. of Babylon, 93 F.3d 47, 51 (2d Cir. 1996).

IV. Analysis

    A.    42 U.S.C. § 1983

        1.    First Amendment

Plaintiff appears to assert a § 1983 First Amendment retaliation claim in response to his alleged acts of whistle-blowing.[2] A plaintiff seeking to assert a § 1983 claim against a municipality must establish that the alleged violation was caused by a policy, custom or practice of the municipality. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692-94 (1978); Patterson v. County of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). In application, Plaintiff can satisfy this

---

[2] Plaintiff's complaint identifies the following causes of action: "Pursuant to the Federal Civil Rights Act 42 USC Section 1983: Intentional Infliction of Emotional Distress," "Pursuant to the Federal Civil Rights Act 42 USC Section 1983: Retaliatory Acts in Response to Plaintiff's Whistle Blowing," "Pursuant to the Federal Civil Rights Act 42 USC Section 1983: Prima Facie Tort," "Pursuant to the First Amendment of the Constitution of the United States Intentional Infliction of Emotional Distress," "Pursuant to the First Amendment of the Constitution of the United States Retaliation Related to Whistle Blowing by Plaintiff," and "Pursuant to the First Amendment of the Constitution of the United States Prima Facie Tort." Plaintiff's complaint is less than clear; however, the Court will construe it as asserting claims under § 1983 and under state law for intentional infliction of emotional distress and prima facie tort.

3

requirement by showing one of the following: (1) an express rule or regulation, Patterson, 375 F.3d at 226; (2) a single act taken by a municipal official with "final policymaking authority," Mandell v. County of Suffolk, 316 F.3d 368, 385 (2d Cir. 2003); (3) a practice so "'persistent or widespread' as to constitute 'a custom or usage with the force of law,'" Patterson, 375 F.3d at 226 (quoting Sorlucco v. New York City Police Dep't, 971 F.2d 864, 870-71 (2d Cir. 1992)); or (4) "the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." Kern v. City of Rochester, 93 F.3d 38, 44 (2d Cir. 1996). It is well-established, however, that "[l]iability of a municipal defendant or an individual sued in his official capacity under § 1981 and § 1983 cannot . . . be premised on a theory of respondeat superior." Patterson, 375 F.3d at 226.

Plaintiff has completely failed to allege that any of the claimed constitutional violations were the result of a custom, policy or practice of the City of New York. Indeed, Plaintiff's complaint specifically claims that "defendant, NYC, is vicariously liable for all of the foregoing alleged behaviors of" its individual employees. (Cmplt. ¶ 16). This is exactly the type of liability precluded by Monell and its progeny. See, e.g., City of Canton, Ohio v. Harris, 489 U.S. 378, 384 (1989) ("Respondeat superior or vicarious liability will not attach under § 1983.") Plaintiff's First Amendment retaliation claims are therefore dismissed.[3]

2.  Leave to Amend

Plaintiff requests leave to amend to assert that New York City had a policy, custom or practice that caused the alleged deprivation of his constitutional rights. (Stroble Decl. ¶¶ 18a,

---

[3] Plaintiff also appears to claim in the "Stroble Declaration in Opposition to Defendant's Motion for Summary Judgment" that he asserts a § 1983 claim for alleged violations of the Fourteenth Amendment. Irrespective of the procedural infirmities of attempting to assert a new claim in a declaration by counsel, Plaintiff's failure to show a policy, custom or practice dooms all of his claims under § 1983 whether premised on alleged violations of the First or Fourteenth Amendment.

4

18b). According to Plaintiff's counsel, "[t]he plaintiff's complaint, deposition testimony and affidavit in opposition to this motion set out sufficient facts to support section 1983 claims . . . ." (Id. ¶ 18b).

Fed. R. Civ. P. 15 states that leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). However, "it is well established that leave to amend a complaint need not be granted when amendment would be futile." Ellis v. Chao, 336 F.3d 114, 127 (2d Cir. 2003). Because Plaintiff is unable to show that the alleged violation of his constitutional rights was the result of a policy, custom or practice, amendment would be futile.

As discussed above, a plaintiff can establish a policy, custom or practice in four ways. See Section IV.A.I *supra*. Plaintiff has not offered any evidence demonstrating the existence of a formal rule or regulation, a sufficiently widespread or pervasive practice or a failure to train demonstrating deliberate indifference by Defendant. Furthermore, Plaintiff has not alleged that any of the allegedly improper actions were taken by a municipal official with "final policymaking authority" in personnel matters. Mandell v. County of Suffolk, 316 F.3d at 385. While federal courts in New York have reached differing conclusions as to whether a New York City agency head possesses final policymaking authority over personnel matters, compare Soto v. Schembri, 960 F. Supp. 751, 759 (S.D.N.Y. 1997) (collecting cases holding that agency heads lack the requisite authority and explaining that "[t]he New York City Charter vests final policymaking authority in the Mayor and the City Council. The Charter vests policymaking authority with respect to personnel decisions with the Personnel Director.") (citations omitted); with Ariza v. City of New York, 1996 U.S. Dist. LEXIS 20250, at *20 (E.D.N.Y., Mar. 18, 1996) (denying motion for summary judgment on the ground that an agency head, for certain types of personnel matters, could have final policymaking authority), the Supreme Court has

5

made clear that the offending action must be taken "by the *highest* officials responsible for setting policy in" a given area. St. Louis v. Praprotnik, 485 U.S. 112, 123 (1988) (emphasis added). Agency commissioners are undeniably high ranking officials; however, they cannot be said to be the "highest officials" responsible for setting policy.

Furthermore, even to the extent Commissioners Kerik or Fraser did have final policymaking authority, Plaintiff has not offered any evidence showing that their actions were "the result of a conscious choice rather than mere negligence." Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 128 (2d Cir. 2004); see also Bruker v. City of New York, 337 F. Supp. 2d 539, 557 (S.D.N.Y. 2004). Therefore, because Plaintiff would be unable to show the existence of a policy, custom or practice, amendment would be futile and Plaintiff's request for leave to amend is denied.

3. State Law Claims

Plaintiff asserts § 1983 claims arising out of Defendant's alleged intentional infliction of emotional distress and prima facie tort. It is well-established that § 1983 only provides a cause of action for deprivations of federal constitutional or statutory rights. See Morris-Hayes v. Bd. of Educ., 423 F.3d 153, 158 (2d Cir. 2005) ("It is settled that § 1983 authorizes actions to enforce the rights of individuals under *federal* statutes as well as under the Constitution.") (emphasis added); Blessing v. Freestone, 520 U.S. 329, 340 (1997) "[A] plaintiff must assert the violation of a federal right . . . ."). Plaintiff's § 1983 claims asserting intentional infliction of emotion distress and prima facie tort allege violations of state law and are therefore not actionable under § 1983. They are, therefore, dismissed.

B.    Remaining State Law Claims

Plaintiff's remaining state law claims are dismissed for lack of jurisdiction. Smith v. Edwards, 175 F.3d 99, 107 (2d Cir. 1999); Tierney v. Davidson, 133 F.3d 189, 199 (2d Cir. 1998) ("Since the federal claims must be dismissed, we also direct dismissal of the state claims for lack of jurisdiction.")

V.    Conclusion

For the reasons set forth above, Defendant's motion to dismiss is GRANTED and Plaintiff's motion for leave to amend is DENIED. The Clerk of the Court is directed to close this case.

/s/ Sandra J. Feuerstein
Sandra J. Feuerstein
United States District Judge

Dated: December 5, 2005
Brooklyn, New York

To:

Joseph C. Stroble
40 Main Street
Sayville, NY 11782

Michele Ann Molfetta
Corporation Counsel for the City of New York
Law Department
100 Church Street
New York, NY 10007